# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 9216 | **DATE** | 9/2/2003 |
| **CASE TITLE** | DeAngeles Allen vs. City of Zion et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendants' motion to dismiss pursuant to FRCP 12(B)(6) [23-1] is granted in part and denied in part. Counts VII through X are hereby dismissed. Discovery to proceed before Magistrate Judge Mason on all other counts of the complaint. Plaintiff's "motion to deny defendants' motion to dismiss" [24-1[ is denied as moot.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 03 2003 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 30 |
| ✓ | Copy to judge/magistrate judge. Mason | | |
| TSA | courtroom deputy's initials | 03 SEP -3 AM 9:23 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DeANGELES ALLEN, )
)
        Plaintiff, )
)
v. )
) Case No. 01 C 9216
CITY OF ZION, a municipal corporation,)
OFFICER WARREN FERRY, Badge ) Wayne R. Andersen
No. 35, and SERGEANT DUANE ) District Judge
ARRINGTON, Badge No. 16, )
)
        Defendants. )

DOCKETED
SEP 3 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants the City of Zion, Officer Warren Ferry, and Sergeant Duane Arrington, to dismiss the complaint of plaintiff DeAngeles Allen for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

On December 3, 2000, plaintiff DeAngeles Allen was a passenger in a vehicle stopped by Officer Ferry in the City of Zion. Plaintiff claims that upon exiting the car he became fearful for his safety and started to run. At the time, plaintiff was wanted on an outstanding arrest warrant for possession of a controlled substance. Officer Ferry, subsequently joined by Sergeant Arrington, pursued plaintiff into a parking lot. Plaintiff asserts that, once in the parking lot, he came to a stop, dropped to the ground, and put his hands behind his back. While lying face down on the pavement, Allen has alleged that either Officer Ferry or Sergeant Arrington shot him in the leg. It is undisputed that plaintiff suffered a gunshot wound to his left calf.

On November 30, 2001, plaintiff filed this lawsuit seeking damages in excess of $50,000 for permanent disability resulting from his injury and for the costs of this action. Counts I and II of the complaint allege that defendants violated plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments through the use of excessive force. In Counts III and IV, plaintiff avers that the defendants' conduct in executing his arrest was willful and wanton. Counts V and VI name the City of Zion as a defendant under the theory of *respondeat superior* and under the Illinois Local Governmental Tort Immunity Act ("the Tort Immunity Act"). Claims VII, VIII, IX and X are pendant state law negligence counts against the City and the officers.

Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) claiming immunity from any state law negligence liability under §10/2-202 of the Tort Immunity Act and arguing that their conduct was not willful and wanton within the meaning of the Act. Defendants also assert that plaintiff should be precluded from relitigating any issues with respect to the shooting on the basis of his prior guilty plea in the Circuit Court of Lake County. Next, defendants argue that their conduct cannot sustain a constitutional violation within the meaning of 42 U.S.C. § 1983 because plaintiff was arrested pursuant to a valid warrant and because there was no due process violation. Finally, defendants claim the defense of qualified immunity, and argue that they are protected from suit for any discretionary actions conducted in the course of official government business.

## DISCUSSION

A motion to dismiss tests the sufficiency of the complaint, not the merits of the lawsuit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998); *Jackson v. Illinois Bell Tel. Co.*, 2002 WL 1466796, at *2 (N.D. Ill. July 8, 2002). A dismissal is appropriate only if the plaintiff cannot prevail under any set of facts. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78

S.Ct. 99 (1957); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). On a Rule 12(b)(6) motion, the court must read the complaint liberally, evaluate all well-pleaded allegations, and draw all reasonable inferences in favor of the plaintiff. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir. 1996); *Fernandez v. Wolff*, 919 F. Supp. 1120, 1123 (N.D. Ill. 1996). To survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). At this stage of the process, the Court may review only the complaint and any attached materials. *See, e.g., Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 935 (7th Cir. 1996); *United States v. City of Fairview Heights*, 132 F. Supp. 2d 684, 686 (S.D. Ill. 2000).

In their motion, defendants argue that the shooting was accidental and introduce a contradictory version of the facts. However, since Rule 12(b) was designed to specifically exclude from the dismissal process any evidentiary questions of fact that may be offered at the summary judgment stage, this Court must only consider as true the allegations in the plaintiff's complaint. *See Pioneer Elecs. (USA), Inc. v. Erazmus*, 1998 WL 150706, at *2 (N.D. Ill. Mar. 30, 1998).

## I. Issue and Claim Preclusion

Defendants argue that, under the doctrine of either issue or claim preclusion, the plaintiff should be estopped from relitigating any issues surrounding the shooting because he has already plead guilty to the charge of resisting arrest in state court. A federal court must apply the forum state's law on issue and claim preclusion. *Haring v. Prosise*, 462 U.S. 306, 313, 103 S.Ct. 2368 (1983). A guilty plea in a criminal proceeding may be used to assert issue preclusion (collateral estoppel) in a subsequent civil action. *Appley v. West*, 832 F.2d 1021, 1025-26 (7th Cir. 1987).

3

However, the doctrine of collateral estoppel precludes a party from relitigating only "the point or question actually litigated and determined" in the prior suit. *Nowak v. St. Rita High Sch.*, 197 Ill.2d 381, 390, 757 N.E.2d 471, 478 (2001). Thus, only "the material facts" at the core of the guilty plea may be considered established for purposes of issue preclusion in subsequent actions. *Appley*, 832 F.2d at 1026; *accord Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994).

In the instant case, plaintiff pled guilty to resisting arrest when he initially ran away from Officer Ferry. Plaintiff is not challenging the basis of that conviction. Instead, he is seeking redress for a physical injury that occurred after an officer shot him following his attempted escape. He specifically *did not* stipulate to any facts regarding the shooting itself when he entered his guilty plea - something the state court record clearly shows. Therefore, because plaintiff's state criminal conviction was based only on his initial resistance to the arrest, the material facts of the shooting in the parking lot have not been "conclusively established" for purposes of issue preclusion since they did not form the basis of the criminal act for which he was convicted. *See Appley*, 832 F.2d at 1026.

Defendants' assertion of claim preclusion (*res judicata*) also fails. Illinois courts have three mandatory requirements for the application of *res judicata*: (1) a final judgment on the merits in the prior action; (2) an identity of the cause of action; and (3) an identity of the parties or their privies. *Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995); *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 302, 703 N.E.2d 883, 889 (1998). While plaintiff is party to both the plea bargain at the state level and to the current suit, there is no identity or privity between the State of Illinois, the prosecuting party in the first suit, and the City of Zion and its police officers, the defendants in the present action. When a fundamental requirement of *res judicata* is not met, preclusion must fail.

4

## II. State Negligence Claims

For the following reasons, Counts VII and VIII, state law negligence claims against Officer Ferry and Sergeant Arrington, and Counts IX and X, state law claims under the doctrine of *respondeat superior* and under the Local Governmental Tort Immunity Act against the City of Zion, are dismissed on defendants' motion pursuant to Rule 12(b)(6).

Section 202 of the act entitles government employees to immunity from liability for any "act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS § 10/2-202. The act thus shields government employees from any negligence claims as long as they are engaged in the enforcement or execution of the law at the time of the incident in question and as long as their conduct is not willful or wanton. *See Carter v. Chicago Police Officers*, 165 F.3d 1071, 1080 (7th Cir. 1998); *Morton v. City of Chicago*, 286 Ill. App. 3d 444, 455, 676 N.E.2d 985, 993 (1st Dist. 1997). Affecting an arrest constitutes execution or enforcement of the law within the meaning of the statute. *Jones v. Village of Villa Park*, 784 F. Supp. 533, 535 (N.D. Ill. 1992). Since defendants Ferry and Arrington were trying to arrest plaintiff on a valid warrant when they pursued him into the parking lot, they were legitimately executing and enforcing the law and are immune from negligence liability under § 2-202 of the act.

However, plaintiff relies on *Breck v. Cortez*, 141 Ill. App. 3d 351, 359-60, 490 N.E.2d 88, 93 (2nd Dist. 1986), for the proposition that a cause of action can exist for "willful and wanton negligence," thereby circumventing the statute's immunity from negligence claims. To state a valid negligence claim, a plaintiff must establish that the defendant owed him a duty and that the breach of that duty was the proximate cause of the plaintiff's injury. *Doe v. Calumet City*, 161 Ill.2d 374, 384, 641 N.E.2d 498, 503 (1994). Relying on *Breck*, plaintiff argues that

defendant police officers owed the public a general duty to refrain from willful and wanton misconduct in the pursuit of suspected law violators and that the officers breached that duty by willfully and wantonly failing to refrain from use of excessive force when plaintiff posed no threat to his pursuers. *Breck*, 141 Ill. App. 3d at 359-60. Unfortunately, plaintiff's argument falls victim to some lingering confusion in Illinois regarding willful and wanton conduct and incorrectly compounds two separate, though related, causes of action.

In *Ziarko v. Soo Line R.R.*, 161 Ill.2d 267, 281, 641 N.E.2d 402, 409 (1994), the Illinois Supreme Court noted "important distinctions" between negligence and willful and wanton behavior such that, depending on the facts of the case, willful and wanton misconduct may be only degrees above negligence, or only degrees below intentional wrongdoing. *Id.*; *see also Pomaro v. Community Consol. Sch. Dist.*, 278 Ill. App. 3d 266, 269, 662 N.E.2d 438, 440 (1st Dist. 1995). Subsequent decisions have also suggested that willful and wantonness should be alleged in counts separate from negligence altogether, which the plaintiff has done in the instant case. *See Doe*, 161 Ill.2d at 388; *Moberg v. City of West Chicago*, 2002 WL 31398832, at *3 (N.D. Ill. Oct. 24, 2002). Consequently, any negligence claims raised by the plaintiff's complaint must be evaluated independently of any allegations of willful and wanton misconduct. Plaintiff may not combine these distinct causes of action by stating a claim for willful and wanton negligence.

Allen also alleges that the defendants owed him a separate duty to conduct themselves in a lawful manner and to refrain from the use of excessive force when taking him into custody. Until recently, this argument would have stated a valid "special duty" exception claim repeatedly acknowledged by courts in this state. *See, e.g., Grant v. Board of Trustees of Valley View Sch. Dist.*, 286 Ill. App. 3d 642, 644-45, 676 N.E.2d 705, 707 (3rd Dist. 1997); *Fatigato v. Village of*

*Olympia Fields*, 281 Ill. App. 3d 347, 355, 666 N.E.2d 732, 738 (1st Dist. 1996); *Leone v. City of Chicago,* 235 Ill. App. 3d 595, 598, 601 N.E.2d 942, 943 (1st Dist. 1992). The Illinois Supreme Court first recognized this exception in *Huey v. Town of Cicero,* 41 Ill.2d 361, 363, 243 N.E.2d 214, 216 (1968). It held that, if a government employee in the course of his official duties assumes a special relationship to an individual that differentiates that person from the general public, then the employee may be subject to negligence liability.

However, most recently the Court declared this exception a derogation of the Illinois Constitution because it enabled the courts to override a statutory grant of immunity via a common law theory of liability. *See Harinek v. 161 N. Clark St. Ltd. P'ship*, 181 Ill.2d 335, 346-47, 692 N.E.2d 1177, 1183-84 (1998) (violation of separation of powers and of sovereign immunity provision). Presently, the special duty exception can only apply in cases in which the legislature has *not* explicitly granted immunity to the government and its employees. *Holder v. Ivanjack,* 39 F. Supp. 2d 965, 972 n.6 (N.D. Ill. 1999); *Zimmerman v. Village of Skokie*, 183 Ill.2d 30, 41, 697 N.E.2d 699, 705-06 (1998) (reiterating the holding in *Harinek*). Since 745 ILCS § 10/2-202 specifically exempts public employees from negligence liability in the execution or enforcement of the law, plaintiff cannot rely on the "special duty" exception to maintain a negligence cause of action against police officers who injured him during an arrest. Therefore, Counts VII and VIII alleging negligence against Officers Ferry and Arrington are dismissed.

We also dismiss counts IX and X because the City of Zion cannot be held accountable when its employees are not liable. *See* 745 ILCS § 10/2-209. Furthermore, since counts VII and VIII, which served as the basis for counts IX and X, have been dismissed, the subsequent counts are moot.

7

## III. Willful and Wanton Conduct and Constitutional Law Claims

We deny the motion to dismiss with respect to Counts I-VI because the plaintiff's complaint sufficiently alleges facts that, if true, could support both willful and wanton conduct and allegations of civil rights violations. Allen contends that one of the defendants shot him in the leg while he was lying on the ground with his hands behind his back. On a motion to dismiss, the Court must accept these allegations as true, even though the officers claim the shooting was accidental. As this dispute constitutes a disagreement as to material facts and not the law, it is not ripe for decision at this juncture and should be left until the discovery process can shed some light on what actually took place.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket # 23-1] is granted in part and denied in part. Counts VII through X are hereby dismissed. Discovery is to proceed before Magistrate Judge Mason on all other counts of the complaint. Plaintiff's "motion to deny defendants' motion to dismiss" [Docket # 24-1] is denied as moot.

It is so ordered.

                                                    Wayne R. Andersen
                                                    United States District Judge

Dated: September 2, 2003